## CIRCUIT COURT OF HENRICO COUNTY

Inta-Roto, Inc.

v.

Aluminum Co., etc.

March 28, 1980

Case No. 78-C-1284

### By JUDGE E. BALLARD BAKER

We are here concerned with the right of Inta-Roto to depose a member of the legal staff of Alcoa and to question a non-legal employee about a conference with the lawyer.

The problem relates to a letter from D. L. Mahrer to Inta-Roto on October 3, 1978, replying to an Inta-Roto letter of August 28. It appears that Mahrer and J. B. Fullmer, of the Alcoa legal department, drafted the letter and that the material content in the 2nd through the 6th paragraph was written by Fullmer.

The content of the letter was, of course, communicated to Inta-Roto and the question is can Fullmer be deposed as to the content of those paragraphs.

I do not find in the depositions just where Fullmer obtained the information which was contained in those paragraphs. On the reference to "standard policy" Mahrer believed it to be correct, but was not aware of a standard policy. (Tr. p. 137-8). On the reference to Alcoa never agreeing to any limitation, this is based on Fullmer's investigation. (Tr. p. 140-1). On the reference to a notation being for another purpose, here again this seems to come from Fullmer, not Mahrer. (Tr. p. 142-3). Fullmer

also came up with the comment in the 5th paragraph about Mr. Gallop's 1977 request. (Tr. p. 143-4).

Counsel object to the deposing of Fullmer under the attorney-client privilege. That such privilege does apply to in-house counsel is clear. It appears equally clear that the "control group" test should be applied in determining whether the privilege should apply to communications between the lawyer and a corporate employee. *VEPCO v. Sun Shipbuilding*, 68 F.R.D. 397 (E.D. Va. 1975), cited by both counsel. Also, 98 A.L.R.2d 241 and Later Case Service.

A fair reading of the Mahrer deposition as it relates to the October 3, 1978, letter is that the material content was expressed by Fullmer and the information he conveyed was not obtained from Mahrer. If not from Mahrer, the information must have come from some one else.

In my reading, it appears clear that an in-house attorney cannot rest behind the attorney-client privilege as to all things and matters that cross his desk relating to the corporation. Here, the information which formed the basis of the material content of the letter got to Fullmer in some fashion, but not from Mahrer. Whether he received that information under circumstances which would allow the invocation of the privilege simply cannot be decided until those circumstances are developed.

It may be that the work-product rule, discussed in Judge Warriner's opinion in *VEPCO v. Sun Shipbuilding* may have some affect.

My conclusion is that Inta-Roto has a right to have Fullmer appear and be deposed, but, unfortunately, I am unable to determine whether what he will say is privileged or not because the source of, and circumstances under which he obtained, the information is not known. Except it seems pretty clear that it did not come from Mahrer.

Without prejudging whether, under the circumstances which may be disclosed, Fullmer can be required to answer specific questions, it is my view, from reading the authorities noted, that the privilege is limited to the extent necessary and the burden is on the client to establish that a particular communication is privileged, applying the control group test. If the work-product rule becomes involved, and I believe this is distinct from the attorney-client privilege, I would adopt the view expressed in

Judge Warriner's opinion unless I am cited to Virginia or other controlling authority to the contrary.

There remains the matter of a question put to Mahrer.

At page 113, Mahrer was asked "What did you discuss?" in a conference with Fullmer. I do not believe everything talked about in a meeting with in-house counsel is privileged. Certainly the subject matters mentioned in the October 3, 1978, letter, if discussed at the meeting, must be identified. This information was mentioned in the letter to Inta-Roto, which I think strips the privilege from those things to the limited extent revealed in the letter, even if it would otherwise be available. As noted, as to these things Mahrer appears to have little knowledge.

In reply to item 2(a) of the Motion for Order Compelling Discovery, it is my view that Mahrer can be required to answer the question "What did you discuss?" I am not going beyond that in this letter, which may not be much help to counsel. However, as to questions which might flow from the identification of the subjects discussed I would consider myself controlled by the "control-group" test and, in general, by the text comment found in the full paragraph appearing in 81 Am. Jur. 2d, *Witnesses*, sec. 220 on page 253.

As not all communications between attorney and client are privileged, 81 Am. Jur. 2d, *Witnesses*, sec. 196, neither are all in-house attorney-client communications.